

1  MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
   Harvey I. Saferstein, Esq. (SBN: 49750)
2  Nada I. Shamonki, Esq. (SBN: 205359)
   Sarah J. Robertson, Esq. (SBN: 243364)
3  2029 Century Park East, Suite 1370
   Los Angeles, California 90067
4  Phone: 310.586.3200
   Fax: 310.586.3202
5  hsaferstein@mintz.com; nshamonki@mintz.com,
   and srobertson@mintz.com
6
7  Attorneys for Defendant and Counterclaimant
   GARY, WILLIAMS, FINNEY, LEWIS,
8  WATSON & SPERANDO, P.L., and Defendants
   WILLIE GARY and LORENZO WILLIAMS
9

2011 JUN 29 PM 3:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  LFG NATIONAL CAPITAL, LLC, | Case No. CV11-04538 PSG (PJWx) |
| 14                Plaintiff, | |
| 15       v. | **DEFENDANT AND COUNTERCLAIMANT GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.'S COUNTERCLAIM** |
| 16  GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., WILLIE GARY, and LORENZO WILLIAMS, | |
| 18                Defendants. | |
| 19  GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., | **DEMAND FOR JURY TRIAL** |
| 21                Counterclaimants, | |
| 22       v. | |
| 23  LFG NATIONAL CAPITAL, LLC; LAWFINANCE GROUP, INC.; and LFG SERVICING, LLC, | Judge:    Honorable Philip S. Gutierrez Courtroom:      880 |
| 25                Counterdefendants. | |

26

27

28

                              1

## COUNTERCLAIM

Defendant and Counterclaimant Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. brings this Counterclaim ("Counterclaim") against Plaintiff and Counterdefendant LFG National Capital, LLC and Counterdefendants LawFinance Group, Inc. and LFG Servicing, LLC, and alleges the following based upon its own records, and information and belief:

## GENERAL ALLEGATIONS

1. Defendant and Counterclaimant Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. ("Defendant," "Counterclaimant" or "the Firm"), a law firm, is a Florida professional limited liability company having its principal place of business at 221 East Osceola Street, Stuart, Florida 34994.

2. Plaintiff and Counterdefendant LFG National Capital, LLC ("Plaintiff" or "LFG National") is a Delaware limited liability company having its principal place of business at 200 South Virginia Street, 8th Floor, Reno, Nevada 89501.[1]

3. Counterdefendant LawFinance Group, Inc. ("LawFinance") is a California corporation having its principal place of business at 1401 Los Gamos Drive, Suite 140, San Rafael, California 94903.

4. Counterdefendant LFG Servicing, LLC ("LFG Servicing") is a Delaware limited liability company having its principal place of business at 1401 Los Gamos Drive, Suite 140, San Rafael, California 94903.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), insofar as the amount in controversy exceeds the sum of $75,000, and the action is between citizens of different states.

6. Defendant is a minority owned, nationally active law firm with a staff of 85, with a primary practice in the area of plaintiff personal injury. Many of its cases are taken on a contingency basis, which means that Defendant pays all litigation

---

[1] Defendant bases this statement on paragraph 2 of Plaintiff's Complaint; however, there is contrary documentation that states that LFG National is a Nevada limited liability company and has a different principal place of business address.

2

costs, and in return receives a contingency attorney fee if the case is successfully resolved in favor of its client(s). In each contingency case, Defendant enters into a written legal service agreement with the client(s), in compliance with the Rules Regulating the Florida Bar, or other relevant laws.

7. In some of its cases, Defendant co-counsels with other law firms, and enters into co-counsel arrangements for a split of attorney's fees in compliance with the Rules Regulating the Florida Bar, or other relevant laws.

8. One such case is entitled *Pokorny, et. al. v. Quixtar, Inc., et al.*, which is pending in the United States District Court for the Northern District of California *(Case No.: 3:07-cv-00201-SC)* ("*Pokorny* case"). The Firm's co-counsel in the *Pokorny* case is the law firm of Boies Schiller and Flexner ("Boies Schiller"). The Firm and Boies Schiller represent the plaintiffs in that matter, pursuant to a legal services agreement, and have a contractual co-counsel agreement.

9. Another such case is entitled *Merton D. Simpson, et. al. v. New York State Department of Civil Service*, which is pending in the United States District Court for the Northern District of New York *(Case No.: 04 CV 01182 (DNH)(DRH))* ("*Simpson* case"). The Firm's co-counsel in the *Simpson* case is the law firm of Sussman & Watkins, LLP ("Sussman & Watkins"). The Firm and Sussman & Watkins represent the plaintiffs in that matter, pursuant to a legal services agreement, and have a contractual co-counsel agreement.

10. On or about March 19, 2007, the Firm entered into a Cost Loan and Security Agreement (the "Agreement") with LawFinance.

11. LawFinance is a company which provides financial solutions in the field of litigation finance.

12. LawFinance advertises on the "Ethics and Law" page of its website that it "does not offer legal advice, assume control of the case, or interfere in the attorney-client relationship. All details of the case are held in strictest confidence. At no time does LawFinance Group interfere in the handling of the case. [It] act[s] only as a

passive investor or lender in each professional relationship." A true and correct copy of this page of LawFinance's website is attached hereto as Exhibit "A."

13.     Under the Agreement, LawFinance purportedly agreed to provide loans to the Firm to finance the payment of litigation costs in the Firm's contingency cases.

14.     The applicable interest rate under the terms of the Agreement was "the Index plus 13.0% per annum" and the default interest rate was "the interest rate plus 5% per annum."

15.     A requirement of the Agreement is that the Firm disclose to LawFinance its financial statements for all of its pending cases, including the type of case (i.e. contingency or not) and whether there is co-counsel.

16.     Defendant and Counterclaimant believe that many of the terms in the Agreement relating to the compounding of interest, waiver and jurisdiction were and are unconscionable under California and/or Florida law.

17.     Upon information and belief, on or about March 22, 2007, LawFinance and LFG National entered into an Assignment Certificate whereby LawFinance assigned and sold to LFG National all of its right, title and interest in the Loan Agreement in the maximum principal amount of thirteen million dollars.

18.     On May 29, 2009, the Firm entered into Amendment No. 3 to the Loan Agreement with LFG National (the "Amendment"). This Amendment deleted the interest rate provision in the Agreement in its entirety (Section 1.2.24) and replaced it with an interest rate of 16%.

19.     Upon information and belief, LFG National is not a licensed California finance company.

20.     On or about May 26, 2011, LFG National declared the Firm to be in default of the Agreement.

21.     On June 1, 2011, LFG National served the Summons and Complaint in this case on the Firm for Breach of Contract claim of relief.

22.     The Firm denied, and denies now, that it has breached the Agreement.

23.     Plaintiff asserts that the Firm owes it $10,191,135.86 and that the Firm has been remiss in making payments.  However, the Firm has made substantial payments of both interest and principal since 2005 on the line of credit from Plaintiff. In fact, the Firm has paid back a total of $20,109,045.15 in interest, fees and of the principal.  The last draw that the Firm took from Plaintiff was in April 2008.  Since this date, the Firm has consistently made payments to pay down the line of credit with Plaintiff.  In fact, since May 29, 2009, the Firm has paid back $2,477,827.32 in interest; $801,575.08 in principal and $6,000.00 in fees.

24.     LFG Servicing is the loan servicer acting on behalf of LFG National with respect to the Firm's alleged debt under the Agreement.

25.     On April 26, 2011, an attorney on behalf of LFG National and LFG Servicing, sent a letter to Sussman & Watkins, the Firm's co-counsel in the *Simpson* case, demanding that it pay the legal fees owed to the Firm to LFG Servicing pursuant to § 9-406 of the Uniform Commercial Code and advising that LFG National would pursue all remedies available to them under law if payment to the Firm was made.  Attached as an enclosure to this letter was a letter from LFG Servicing, also dated April 26, 2011, to Sussman & Watkins, informing it that LFG National was a creditor of the Firm, that the Firm was in default of the Agreement in the amount of approximately $10 million, and that any amounts owed to the Firm in the *Simpson* case by the State of New York should be paid to LFG National and that Sussman & Watkins should not distribute any amounts to the Firm or "any other person from the Litigation" absent the express written consent of LFG National.  True and correct copies of these April 26, 2011 letters to Sussman & Watkins are attached hereto as Exhibit "B."

26.     On May 20, 2011, the same attorney on behalf of LFG National and LFG Servicing, sent a letter to Boies Schiller, informing them that the Firm owed approximately $10 million to LFG National under the Agreement, the Firm was in default of the Agreement and the default interest was accruing at a rate of 21% per

annum, advising that LFG National would take "all appropriate steps" to ensure it received any sums which might become payable to the Firm with respect to the *Pokorny* case and announcing that LFG National intended to advise the Judge in the *Pokorny* case that LFG National possessed a security interest in all sums due to the Firm. A true and correct copy of this May 20, 2011 letter to Boies Schiller is attached hereto as Exhibit "C."

27. Also on May 20, 2011, the same attorney on behalf of LFG National and LFG Servicing, sent a letter to the New York Office of the Attorney General, demanding that the State of New York pay the legal fees owed to the Firm to LFG Servicing pursuant to § 9-406 of the Uniform Commercial Code and advising that LFG National would pursue all remedies available to them under law if payment to the Firm was made. Attached as an enclosure to this letter was a letter from LFG Servicing, also dated May 20, 2011, to the New York Office of the Attorney General, informing it that LFG National was a creditor of the Firm, that the Firm was in default of the Agreement in the amount of approximately $10 million, and that any amounts owed to the Firm in the *Simpson* case by the State of New York should be paid to LFG National and that the State of New York should not distribute any amounts to the Firm or "any other person from the Litigation" absent the express written consent of LFG National. Copies of these letters were also sent to Sussman & Watkins, the Firm's co-counsel in the *Simpson* case. True and correct copies of these May 20, 2011 letters to the New York Office of the Attorney General are attached hereto as Exhibit "D."

28. As a result of the May 20, 2011 letters from LFG National and LFG Servicing, the Firm's relationships with its clients and its co-counsel in the *Pokorny* case and the *Simpson* case have been seriously affected and possibly damaged.

29. LFG National and LFG Servicing have acted in bad faith to interfere with the Firm's relationships with its clients and co-counsel. It appears that LFG National and LFG Servicing's motives are to prevent to prompt repayment of

amounts owed by the Firm under the Agreement by sabotaging the potential settlements of the *Pokorny* case and the *Simpson* case in order to collect exorbitant, potentially usurious, amounts of "default interest"—the default interest rate that LFG National asserts is owed to it is 21% per annum. Additionally, these acts have also jeopardized the potential recovery of the Firm's clients, contravening public policy.

30. These acts by LFG National and LFG Servicing have also hindered the Firm's performance under its agreements with its clients and co-counsel—making it more difficult and expensive to perform its obligations under these agreements.

31. Additionally, by these actions, LFG National and LFG Servicing, attempted to interfere with the Firm's fiduciary duties to its clients and co-counsel.

**FIRST CLAIM FOR RELIEF**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

**(Against LFG National)**

32. The allegations of Paragraphs 1 through 31 to this Counterclaim are incorporated herein by reference as if separately and fully set forth herein.

33. LFG National violated its duty to act fairly and in good faith under the terms of the Agreement and the Amendment by sending letters to the Firm's co-counsel, opposing counsel and/or the Court in the *Pokorny* case and the *Simpson* case.

34. On information and belief, Defendant alleges that LFG National's motives were not in good faith—to declare a default under the Agreement and prevent prompt repayment of amounts owed by the Firm under the Agreement by sabotaging the potential settlements of the *Pokorny* case and the *Simpson* case in order to collect exorbitant, potentially usurious, amounts of "default interest."

35. LFG National's acts have interfered with the Firm's relationships with its clients and co-counsel.

36. Additionally, by these actions, LFG National has attempted to interfere with the Firm's fiduciary duties to its clients.

7

37.     As a direct and proximate result, the Firm has suffered damages.

## SECOND CLAIM FOR RELIEF

### (Interference with Contractual Relations)

### (Against LFG National and LFG Servicing)

38.     The allegations of Paragraphs 1 through 37 to this Counterclaim are incorporated herein by reference as if separately and fully set forth herein.

39.     The Firm entered into a written legal service agreement with its clients and a contractual co-counsel agreement in the *Pokorny* case and the *Simpson* case.

40.     LFG National and LFG Servicing had knowledge of the Firm's financial statements for its pending cases, as well as the identity of its co-counsel pursuant to the terms of the Agreement—including the *Pokorny* case and the *Simpson* case.

41.     LFG National and LFG Servicing sent letters to the Firm's co-counsel, opposing counsel and the Court in the *Pokorny* case and the *Simpson* case—intentionally interfering with the Firm's contractual relationships with its clients and its co-counsel.

42.     On information and belief, Defendant alleges that LFG National and LFG Servicing acted in bad faith in their efforts to interfere with the Firm's relationships with its clients and co-counsel.  It appears that LFG National and LFG Servicing's motives were to declare a default under the Agreement and prevent to prompt repayment of amounts owed by the Firm under the Agreement by sabotaging the potential settlements of the *Pokorny* case and the *Simpson* case in order to collect exorbitant, potentially usurious, amounts of "default interest."

43.     LFG National and LFG Servicing's acts may have jeopardized the potential recovery of the Firm and the Firm's clients, contravening public policy.

44.     LFG National and LFG Servicing's actions have also hindered the Firm's performance under its agreements with its clients and co-counsel—making it more difficult and expensive to perform its obligations under these agreements.

8

45. Additionally, by these actions, LFG National and LFG Servicing have attempted to interfere with the Firm's fiduciary duties to its clients.

46. As a direct and proximate result of LFG National and LFG Servicing's actions, Defendant has suffered substantial damages.

47. Upon information and belief, Defendant asserts that LFG National and LFG Servicing's conduct was willful, malicious, fraudulent and/or oppressive—thus, punitive damages should be awarded.

### THIRD CLAIM FOR RELIEF

**(Violation of Florida Usury Laws – Florida Statutes §§ 687.03, 687.04 & 687.071)**

**(Against LFG National and LawFinance)**

48. The allegations of Paragraphs 1 through 47 to this Counterclaim are incorporated herein by reference as if separately and fully set forth herein.

49. On March 19, 2007, the Firm entered into the Agreement with LawFinance. The applicable interest rate under the terms of the Agreement was "the Index plus 13.0% per annum" and the default interest rate was "the interest rate plus 5% per annum."

50. On May 29, 2009, Defendant, a law firm based and doing business in Florida, entered into the Amendment with LFG National. This Amendment deleted the interest rate provision in the Agreement in its entirety (Section 1.2.24) and replaced it with an interest rate of 16%.

51. LFG National is demanding that the Firm owes it a default interest rate of 21% per annum—this interest rate is compounded; not simple interest.

52. LawFinance and LFG National have violated Florida Statutes relating to usurious loans by making a loan in excess of $500,000 and having an interest rate greater than the statutory permissible amount(s).

53. As a direct and proximate result of the usurious terms in the Agreement and Amendment, the Firm has suffered damages and is entitled to the civil penalty of forfeiture of double the interest actually charged and collected by LFG National

and/or LawFinance.  Alternatively, if the interest rate is sufficient to constitute criminal usury, the Firm is entitled to forfeiture of LFG National's right to collect the debt at all and restitution of all interest and principal paid by the Firm under the terms of the Agreement and the Amendment.

## FOURTH CLAIM FOR RELIEF

### (Violation of California Usury Laws)

### (Against LFG National)

54.     The allegations of Paragraphs 1 through 53 to this Counterclaim are incorporated herein by reference as if separately and fully set forth herein.

55.     On March 19, 2007, the Firm entered into the Agreement with LawFinance.  The applicable interest rate under the terms of the Agreement was "the Index plus 13.0% per annum" and the default interest rate was "the interest rate plus 5% per annum."

56.     On May 29, 2009, the Firm entered into the Amendment with LFG National.  This Amendment deleted the interest rate provision in the Agreement in its entirety (Section 1.2.24) and replaced it with an interest rate of 16%.  Upon information and belief, LFG National is not a licensed California finance company or otherwise exempt from the California usury laws, as set forth in Article XV, Section 1 of the California Constitution and multiple California code sections.

57.     LFG National is demanding that the Firm owes it a default interest rate of 21% per annum is based upon the 16% interest rate in the Amendment, plus the 5% default interest rate in the Agreement.

58.     Since May 29, 2009, the Firm has paid back $2,477,827.32 in interest; $801,575.08 in principal and $6,000.00 in fees.

59.     LFG National has violated California law relating to usurious loans as it applied a new interest rate in the Amendment to the Firm in excess of what is permitted by non-exempt lenders.

60.     As a direct and proximate result of the usurious terms in the

Amendment, the Firm has suffered damages and is entitled to the past interest paid during the two year period prior to filing its Counterclaim, damages equal to three times the interest paid during the one year period prior to filing its Counterclaim, and a judgment to cancel all future interest due.

61.     Upon information and belief, Defendant asserts that LFG National's conduct was willful, malicious, fraudulent, or oppression, and thus punitive damages should be awarded.

## FIFTH CLAIM FOR RELIEF

**(Unfair Business Practices – CA Business & Professions Code §17200)**

**(Against LFG National, LawFinance and LFG Servicing)**

62.     The allegations of Paragraphs 1 through 61 to this Counterclaim are incorporated herein by reference as if separately and fully set forth herein.

63.     LawFinance advertises on the "Ethics and Law" page of its website that it "does not offer legal advice, assume control of the case, or interfere in the attorney-client relationship.  All details of the case are held in strictest confidence.  At no time does LawFinance Group interfere in the handling of the case.  [It] act[s] only as a passive investor or lender in each professional relationship."  Yet LFG Servicing and LFG National, loan servicing company of assignee and assignee respectively of LawFinance, sent letters to the Firm's co-counsel, opposing counsel and the Court in the *Pokorny* case and the *Simpson* case—intentionally interfering with the Firm's contractual relationships with its clients and its co-counsel.  Upon such information and belief, Defendant alleges that LawFinance has engaged in false advertising.

64.     Upon information and belief, Defendant alleges that LFG National and LFG Servicing acted in bad faith in their efforts to interfere with the Firm's relationships with its clients and co-counsel.  It appears that LFG National and LFG Servicing's motives were to declare a default under the Agreement and prevent to prompt repayment of amounts owed by the Firm under the Agreement by sabotaging

11

the potential settlements of the *Pokorny* case and the *Simpson* case in order to collect exorbitant, potentially usurious, amounts of "default interest."

65.     LFG National and LFG Servicing's acts have also jeopardized the potential recovery of the Firm and the Firm's clients, contravening public policy.

66.     LFG National and LFG Servicing's actions have also hindered the Firm's performance under its agreements with its clients and co-counsel—making it more difficult and expensive to perform its obligations under these agreements.

67.     Additionally, by these actions, LFG National and LFG Servicing have attempted to interfere with the Firm's fiduciary duties to its clients.

68.     The interest rates set forth in the Agreement and Amendment are usury under Florida law and therefore unlawful.

69.     The interest rates set forth in the Amendment are usury under California law and therefore unlawful.

70.     Many of the terms in the Agreement relating to the compounding of interest, waiver and jurisdiction are unconscionable under California and/or Florida law.

71.     As a direct and proximate result of LFG National, LawFinance and LFG Servicing's unfair business practices, Defendant has been harmed and seeks restitution of all sums paid to Plaintiff and Counterdefendants.

72.     Defendant also seeks a Temporary Restraining Order and Preliminary Injunctive Relief and a Permanent Injunction to prevent LFG National or LFG Servicing, or any other person or entity acting on their behalf, from sending letters to the Firm's co-counsel, opposing counsel or the court in any of its pending or future actions that might be subject to the terms of the Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, as to all the claims for relief set forth above, Defendant respectfully prays for the following:

1. On the First Claim for Relief, Defendant requests that it be awarded it damages according to proof;

2. On the Second Claim for Relief, Defendant requests that it be awarded general and punitive damages according to proof;

3. On the Third Claim for Relief, Defendant requests that it be awarded damages according to proof and for civil penalty of forfeiture of double the interest actually charged and collected by LFG National and/or LawFinance or forfeiture of LFG National's right to collect the debt at all and restitution of all interest and principal paid by Defendant under the terms of the Agreement and the Amendment under criminal usury;

4. On the Fourth Claim for Relief, Defendant requests that it be awarded damages according to proof, but at least for the past interest paid during the two year period prior to filing its Counterclaim, damages equal to three times the interest paid during the one year period prior to filing its Counterclaim, and a judgment to cancel all future interest due, as well as punitive damages;

5. On the Fifth Claim for Relief, Defendant requests that it be awarded restitution of all sums paid to LFG National, and Injunctive Relief preventing LFG National or LFG Servicing, or any other person or entity acting on their behalf, from sending letters to Defendant's co-counsel, opposing counsel or the court in any of its pending or future actions that might be subject to the terms of the Agreement;

6. On all claims, recovery of attorneys' fees, litigation expenses, and costs of suit incurred by Defendant and Counterclaimant in this action; and

7. On all claims, such alternative or additional relief, equitable or otherwise, that the interests of justice may suggest or the Court deems just and proper.

Dated: June 29, 2011

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

_____

Harvey I. Saferstein
Nada I. Shamonki
Sarah J. Robertson

*Attorneys for Defendant and Counterclaimant GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., and Defendants WILLIE GARY, and LORENZO WILLIAMS*

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial with respect to its counterclaims.

Dated:  June 29, 2011

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

Harvey I. Saferstein
Nada I. Shamonki
Sarah J. Robertson

*Attorneys for Defendant and Counterclaimant GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L., and Defendants WILLIE GARY, and LORENZO WILLIAMS*

# EXHIBIT A



Home | Our Solutions | Our Company | Business Benefits | Contact Us

## It Isn't A Good Solution Unless It's An Ethical Solution.

**Our Company:** Ethics and Law



**Our Company:**

Ethics & Law

Jobs

News

Privacy Policy and Disclaimer

As attorneys, we are eminently mindful of the ethics involved in every business agreement and financial transaction we make. We have designed our products and business procedures to meet the highest standards of practices and legal ethics.

Whether we have made an investment or a loan, LawFinance Group does not offer legal advice, assume control of the case, or interfere in the attorney-client relationship. All details of the case are held in strictest confidence. At no time does LawFinance Group interfere in the handling of the case. We act only as a passive investor or lender in each professional relationship.

Many legal ethics experts, including Geoffrey Hazard, Jr., Professor of the University of Pennsylvania Law School and a Director of the American Law Institute, have reviewed our AppealFinance® program. All have concluded this program conforms to the highest ethical standards.

Our FirmFinance™, CustomFinance™, CostFinance™ and SettlementFinance™ products are traditional business loans. We are a licensed California lender and broker. Commercial loans, borrowing and financial leverage are common business practices in professional and commercial enterprises alike.

LawFinance Group is the only company in the field that has received the endorsement of numerous lawyer organizations, including the Association of Trial Lawyers of America (ATLA), the Consumer Attorneys Association of Los Angeles and the National Bar Association.

Home | Our Solutions | Our Company | Business Benefits | Contact

**Exhibit A
16**

# EXHIBIT B

# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112

tel (212) 408-5100  fax (212) 541-5369

Scott S. Balber

direct tel (212) 408-5466

April 26, 2011

*VIA FACSIMILE, CERTIFIED MAIL AND FEDERAL EXPRESS*

Michael Sussman, Esq.
Sussman & Watkins
P.O. Box 1005
Goshen, NY 10924

Re:  *Merton D. Simpson, et al.* v. *New York State Department of Civil Service,* 04 CV 01182 (DNH)(DRH), United States District Court for the Northern District of New York (the "Litigation")

Dear Mr. Sussman:

This firm represents LFG National Capital, LLC ("LFG"), a secured creditor of Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. (the "Firm") pursuant to that certain March 19, 2007 Cost Loan and Security Agreement, by and between the Firm and Law Finance Group, Inc., as amended (the "Loan Agreement"). We also represent LFG Servicing, LLC ("LFG Servicing"), which is the loan servicer acting on behalf of LFG with respect to your firm's debt under the Loan Agreement.

My client understands that, pursuant to the Order entered by the court in the Litigation on April 25, 2011, your firm is, or will be, in receipt of funds representing legal fees and case disbursements in the Litigation owed to the Firm. Pursuant to the attached correspondence, LFG Servicing has demanded that your firm pay these sums to LFG Servicing pursuant to § 9-406 of the Uniform Commercial Code. Payment of any sums to the Firm will not serve to discharge your firm's debts, which have been assigned to LFG pursuant to the documentation included in the attached correspondence. If any sums are paid to the Firm in violation of my clients' rights under the Uniform Commercial Code, my clients will pursue all remedies available to them under the law.

Should you have any questions regarding LFG's security interest and the attached demand, please do not hesitate to contact me.

Very truly yours,

Scott S. Balber

Enclosure
cc:  Alan L. Zimmerman, Esq.



SERVICING     1401 Los Gamos Drive, Suite 140, San Rafael, CA 94903 / 415-445-2300 / F. 415-448-2301

April 26, 2011

*VIA FACSIMILE, CERTIFIED MAIL, AND FEDERAL EXPRESS*

Michael Sussman, Esq.
Sussman & Watkins
PO Box 1005
Goshen, New York 10924

**Re:** *Merton D. Simpson, et al. vs. New York State Department of Civil Service, et al., 04 CV 01182 (DNH)(DRH), United States District Court for the Northern District of New York (the "Litigation")*

Dear Mr. Sussman:

We write to you in respect of the above-mentioned Litigation. LFG Servicing, LLC ("LFGS") is the loan servicer for LFG National Capital, LLC ("National Capital") a creditor of Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. (the "Firm") pursuant to that certain Cost Loan and Security Agreement dated March 19, 2007, by and between the Firm and Law Finance Group, Inc., as amended (the "Loan Agreement"). All rights, title and interest in the Loan Agreement have been assigned to National Capital.

The debt is secured by a first lien security interest in all the assets of the Firm, including any fees, costs or any other amounts that are or will become due to the Firm on account of the above-referenced Litigation. LFG's security interest was perfected on or about June 8, 2005 (continuation filed on June 8, 2010) and National Capital's security interest was perfected on or about March 22, 2007. A copy of the filed UCC financing statements is enclosed with this letter.

The Firm is in default of the Loan Agreement and all obligations of the Firm under the Loan Agreement are now due and payable to National Capital in full in the amount of approximately $10 Million. The Firm has been notified of numerous defaults of the Loan Agreement, most recently by letter dated April 4, 2011. The defaults remain uncured.

As a consequence of the Firm's continuing default under the Loan Agreement, any and all fees, costs or other amounts that are or will become due to the Firm on account of the Litigation have been assigned to and are payable to National Capital until the total indebtedness owing to National Capital has been paid.

1

**Exhibit B**

18

We understand you have submitted a proposed Order to the Court providing, among other things, that the defendants shall within 30 days of the signing of the Order tender to Sussman & Watkins a check or wire for $3,421,813.93.

Pursuant to  § 9-406 of the Uniform Commercial Code, as enacted in both California and New York, National Capital, as the assignee of the Firm, formally provides this demand and notice to you and all parties copied on this letter that all amounts to which the Firm is entitled from the Litigation shall, henceforth and forthwith, be payable directly to National Capital at the address and account information stated below.

Payment in a manner other than that prescribed herein will not discharge your obligations under the cited Code section.  As a consequence, we trust that you will not permit distribution or hypothecation of any amount to the Firm or any other person from the Litigation absent the express written consent of National Capital.

LFGS can be contacted as follows:

Alan L. Zimmerman, CEO
Katie Silvestri, Loan Servicing Officer
LFG Servicing, LLC
1401 Los Gamos Drive, Suite 140
San Rafael, CA 94903
Tel: 415 446 2300
Fax: 415 446 2301
Email: azimmerman@lawfinance.com
Email: ksilvestri@lawfinance.com

Payment should be made to "LFG National Capital, LLC" and sent to:

| PAYMENT BY MAIL: | | PAYMENT BY WIRE: |
| --- | --- | --- |
| LFG National Capital, LLC | | Bank:  Bank of America / Reno, NV |
| c/o | OR | Account#:     501006884622 |
| LFG Servicing, LLC | | Account Name: LFG National Capital LLC |
| 1401 Los Gamos Drive, Suite 140 | | Routing#:     026009593 |
| San Rafael, California 94903 | | |

[CONTINUED BELOW]

2

Exhibit B

19

We are available to answer any questions you have regarding the assignment and the rights of the Firm in relation to the Loan Agreement and related liens, but we trust that, consistent with the commercially reasonable duties required by New York and California law, the rights of National Capital as assignee will be respected.

Sincerely,

Alan L. Zimmerman
CEO

cc:    Willie Gary, Esq.
       Lorenzo Williams, Esq.


Please acknowledge your receipt of this notice by signing where indicated below and by returning a copy of this letter to LFGS. For your convenience, a copy of the notice and a self addressed, stamped envelope has been included with this letter (hard copy only).

**RECEIPT OF THIS NOTICE IS ACKNOWLEDGED:**


**MICHAEL H. SUSSMAN, ESQ.**
**SUSSMAN & WATKINS**

3

**Exhibit B**
**20**

# EXHIBIT C

# CHADBOURNE
## & PARKE LLP

Scott S. Balber
direct tel (212) 408-5466  fax (646) 710-5466
sbalber@chadbourne.com

May 20, 2011

***Via Email and Regular Mail***

David Boies, Esq.
Boies Schiller and Flexner
333 Main Street
Armonk, NY 10504

      Re: *Pokorny, et al.* v. *Quixtar, Inc., et al.,* 3:07-cv-00201-SC, United States
           District Court for the Northern District of California (the "Litigation")

Dear Mr. Boies:

      This firm represents LFG National Capital, LLC ("LFG"), a secured creditor of Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. (the "Firm") pursuant to that certain March 19, 2007 Cost Loan and Security Agreement, by and between the Firm and Law Finance Group, Inc., as amended (the "Loan Agreement"). We also represent LFG Servicing, LLC ("LFG Servicing"), which is the loan servicer acting on behalf of LFG with respect to the Firm's debt under the Loan Agreement.

      Pursuant to the Loan Agreement, the Firm owes LFG approximately $10 million, which sum has been accelerated due to the Firm's defaults under the Loan Agreement, and is therefore presently due and payable in full. Moreover, default interest is currently accruing at a rate of 21% per annum on the Firm's obligations under the Loan Agreement. The debt is secured by a first lien security interest in substantially all the assets of the Firm, including any fees, costs or any other amounts that are or will become due to the Firm on account of the above-referenced Litigation. LFG's security interest was perfected on or about March 22, 2007, and an affiliate of LFG had previously perfected its security interest on or about June 8, 2005. A copy of the filed UCC financing statements is enclosed with this letter.

      In the event that your firm should find itself serving as an initial recipient of fees in the Litigation which are to be paid to the Firm, you should be aware of LFG's first lien security interest over such sums. Please be advised that LFG will take all appropriate steps to ensure that any sums which may become payable to the Firm with respect to the Litigation are paid instead to LFG in satisfaction of the Firm's obligations under the Loan Agreement. If any sums are paid to the Firm in violation of LFG's rights, my clients will pursue all remedies available to them under the law.

      Be advised that LFG intends to advise Judge Conti on Monday that LFG possesses a first lien security interest over all sums due to the Firm, and that LFG is an assignee of the Firm's rights, entitled to collect sums due to the Firm pursuant to § 9-406 of the Uniform Commercial Code.



**Exhibit C**

21

# CHADBOURNE
# & PARKE LLP

I ask that you contact me in the event that you become aware of any planned or impending payment of fees, costs or other funds to the Firm with respect to the Litigation.

Very truly yours,

Scott S. Balber

Enclosure

cc:  David W. Shapiro, Esq.
     Alan L. Zimmerman, Esq.
     Lorenzo Williams, Esq.
     Chan Abney, Esq.

**Exhibit C**

**22**

# EXHIBIT D

# CHADBOURNE
## & PARKE LLP
**Scott S. Balber**
direct tel (212) 408-5466  fax (646) 710-5466
sbalber@chadbourne.com

May 20, 2011

David L. Cochran, Esq.
Stephen M. Kerwin, Esq.
Assistant Attorneys General
State of New York
Office of the Attorney General
The Capitol
Albany, NY 12224

> Re: *Merton D. Simpson, et al.* v. *New York State Department of Civil Service,* 04
> CV 01182 (DNH)(DRH), United States District Court for the Northern
> District of New York (the "Litigation")

Dear Messrs. Cochran and Kerwin:

This firm represents LFG National Capital, LLC ("LFG"), a secured creditor of Gary,
Williams, Finney, Lewis, Watson & Sperando, P.L. (the "Firm") pursuant to that certain
March 19, 2007 Cost Loan and Security Agreement, by and between the Firm and Law
Finance Group, Inc., as amended (the "Loan Agreement"). We also represent LFG Servicing,
LLC ("LFG Servicing"), which is the loan servicer acting on behalf of LFG with respect to
the Firm's debt under the Loan Agreement.

My client understands that, pursuant to the Order entered by the court in the Litigation
on April 25, 2011, the State of New York is to make a payment representing legal fees owed
to the Firm. Pursuant to the attached correspondence, LFG Servicing has demanded that the
State of New York pay these sums to LFG Servicing pursuant to § 9-406 of the Uniform
Commercial Code. Payment of any sums to the Firm will not serve to discharge the State's
debt to the Firm, which has been assigned to LFG pursuant to the documentation included in
the attached correspondence. If any sums are paid to the Firm in violation of my clients'
rights under the Uniform Commercial Code, my clients will pursue all remedies available to
them under the law.

Should you have any questions regarding LFG's security interest and the attached
demand, please do not hesitate to contact me.

Very truly yours,

Scott S. Balber

Enclosure

cc: Alan L. Zimmerman, Esq.



SERVICING

May 20, 2011

***VIA FACSIMILE, CERTIFIED MAIL, AND FEDERAL EXPRESS***

David L. Cochran, Esq.
Stephen M. Kerwin, Esq.
Assistant Attorneys General
State of New York
Office of the Attorney General
The Capitol
Albany, NY 12224

**Re:** ***Merton D. Simpson, et al. vs. New York State Department of Civil Service, et al., 04 CV 01182 (DNH)(DRH), United States District Court for the Northern District of New York (the "Litigation")***

Dear Messrs. Cochran and Kerwin:

We write to you in respect of the above-mentioned Litigation. LFG Servicing, LLC ("LFGS") is the loan servicer for LFG National Capital, LLC ("National Capital") a creditor of Gary, Williams, Finney, Lewis, Watson & Sperando, P.L. (the "Firm") pursuant to that certain Cost Loan and Security Agreement dated March 19, 2007, by and between the Firm and Law Finance Group, Inc. ("LFG"), as amended (the "Loan Agreement"). All rights, title and interest in the Loan Agreement have been assigned to National Capital.

The debt is secured by a first lien security interest in all the assets of the Firm, including any fees, costs or any other amounts that are or will become due to the Firm on account of the above-referenced Litigation. LFG's security interest was perfected on or about June 8, 2005 (continuation filed on June 8, 2010) and National Capital's security interest was perfected on or about March 22, 2007. A copy of the filed UCC financing statements is enclosed with this letter.

The Firm is in default of the Loan Agreement and all obligations of the Firm under the Loan Agreement are now due and payable to National Capital in full in the amount of approximately $9,857,899. The Firm has been notified of numerous defaults of the Loan Agreement, most recently by letter dated April 4, 2011. The defaults remain uncured.

As a consequence of the Firm's continuing default under the Loan Agreement, any and all fees, costs or other amounts that are or will become due to the Firm on account of the



SERVICING

Litigation have been assigned to and are payable to National Capital until the total indebtedness owing to National Capital has been paid.

We understand that on April 25, 2011, the Court in the Litigation entered an Order providing that the State of New York shall, within 30 days of the signing of the Order, tender to Sussman & Watkins a check for $3,421,813.93, representing in substantial part fees owed to the Firm.

**Pursuant to § 9-406 of the Uniform Commercial Code, as enacted in both California and New York, National Capital, as the assignee of the Firm, formally provides this demand and notice to you and all parties copied on this letter that all amounts to which the Firm is entitled from the Litigation shall, henceforth and forthwith, be payable directly to National Capital at the address and account information stated below.**

**Payment in a manner other than that prescribed herein will not discharge the State of New York's obligations under the cited Code section. As a consequence, we trust that you will not permit distribution or hypothecation of any amount to the Firm or any other person from the Litigation absent the express written consent of National Capital.**

LFGS can be contacted as follows:

> Alan L. Zimmerman, CEO
> Katie Silvestri, Loan Servicing Officer
> LFG Servicing, LLC
> 1401 Los Gamos Drive, Suite 140
> San Rafael, CA 94903
> Tel: 415 446 2300
> Fax: 415 446 2301
> Email: azimmerman@lawfinance.com
> Email: ksilvestri@lawfinance.com

Payment should be made to **"LFG National Capital, LLC"** and sent to:

**PAYMENT BY MAIL:**
LFG National Capital, LLC
    c/o            OR
LFG Servicing, LLC
1401 Los Gamos Drive, Suite 140
San Rafael, California 94903

**PAYMENT BY WIRE:**
Bank: Bank of America / Reno, NV
Account#: 501006884622
Account Name: LFG National Capital LLC
Routing#: 026009593



SERVICING

We are available to answer any questions you have regarding the assignment and the rights of the Firm in relation to the Loan Agreement and related liens, but we trust that, consistent with the commercially reasonable duties required by New York and California law, the rights of National Capital as assignee will be respected.

Sincerely,

Dryden Liddle
General Counsel

cc:   Willie Gary, Esq.
       Lorenzo Williams, Esq.
       Michael Sussman, Esq.

# PROOF OF SERVICE

**STATE OF CALIFORNIA** )
                         ) ss
**COUNTY OF LOS ANGELES** )
                         )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

On June 29, 2011, I served the foregoing document(s): **DEFENDANT AND COUNTERCLAIMANT GARY, WILLIAMS, FINNEY, LEWIS, WATSON & SPERANDO, P.L.'S COUNTERCLAIM** by placing the document(s) in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below:

Jay R. Henneberry
CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, California 90071
Telephone:(213) 892-1000
Facsimile: (213) 622-9865
Email: jhenneberry@chadbourne.com

Scott S. Balber
Jonathan C. Cross
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:(212) 408-5100
Facsimile: (212) 541-5369
Email: sbalber@chadbourne.com; jcross@chadbourne.com

*Attorneys for Plaintiff and Counterdefendant*
*LFG National Capital, LLC*

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 29, 2011, at Los Angeles, California.

_____
JAZMIN LEON

5432636v.2