UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

LFG NATIONAL CAPITAL, LLC,

        Plaintiff,

-against-                                   1:12 Civ. No. 446 (DNH)

GARY, WILLIAMS, FINNEY, LEWIS,
WATSON & SPERANDO, P.L., WILLIE GARY, and    DEFENDANTS'
LORENZO WILLIAMS,                               REPLY TO
                                                                          PLAINTIFF'S
                                                                          MOTION FOR
        Defendants.                                        PARTIAL SUMMARY
                                                                          **JUDGMENT**

----------------------------------------------------------------x

     As plaintiffs have recited, after the filing of their Complaint, defendants filed an Answer with numerous affirmative defenses and related counter-claims.

     Upon plaintiffs' motion, this Court struck each of the counterclaims and, by entailment, plaintiff's affirmative defenses. While this motion was pending, plaintiff filed an Amended Complaint which did not materially change its theory of the case or the saliency of the dismissed Counterclaims. Defendants did not file an Answer to this Amended Complaint. [1]

     It remains defendants' position that, as enumerated in their original Answer, plaintiff committed various torts and contractual breaches, causing them compen-

---

[1] On this basis, plaintiff has suggested entry of a default judgment. Defendants submit that an inquest to calculate the sum plaintiff is due is appropriate.

sable injury. However, as this Court has dismissed these as a matter of law and as those rulings implicate and equally resolve each of defendants' Affirmative Defenses, defendants are left with no good faith defense to the entry of partial summary judgment. [2]

Of course, defendants do not waive their right to appeal from any final order entered. [3]

Defendants also have had limited discovery before the making of the instant motion; none of this has concerned plaintiffs' anticipated motion for attorneys' fees or the calculation of sums referenced at the bottom of page 6 of plaintiff's Memorandum of Law and the cited statement of material facts not in dispute.

---

[2] While defendants do not concede each and every statement of undisputed material fact which plaintiff has submitted, they recognize that the gravamen of the plaintiff's motion is its entitlement to collect on the underlying loan instrument. As such, whether an auditor was or was not timely received at their law firm or whether or not Gary/Williams received proceeds from their law firm in 2010 or 2011 seem immaterial to the issues principally in dispute - whether plaintiffs are owed funds due under the loan and, relatedly, whether plaintiff committed torts against the defendants which represent proper counterclaims to the breach of contract claim brought. Defendants have not had the opportunity to take deposition testimony relating to the plaintiff's claim that its auditors were disallowed into the law firm and the circumstances of these alleged events. For current purposes and because of their relative immateriality to the issues in actual dispute and in light of the court's ruling on their counterclaims and without waiving those counterclaims/affirmative defenses, defendants do not contest that they entered into a loan agreement, were obliged to make certain re-payments thereunder, have failed to timely do so and owe some sum to the plaintiff. As there has been no discovery on the precise sum and the method of its calculation, including the calculation of interest, defendants do request an inquest to determine the proper sum of damages due the plaintiff.

[3] It is also noted that the parties have engaged in settlement negotiations and continue to do and, while not directly involved in these, the undersigned is advised that progress has been made toward resolution.

It is respectfully submitted that the computations of these figures be the subject of an inquest which may be required in any event in light of the plaintiff's contemplated application for fees and costs. After said inquest, the Court would be best positioned to enter a final judgment which can then be appealed as referenced above, should that be defendants' decision.

Respectfully submitted,

MICHAEL H. SUSSMAN [103324]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Counsel for Defendants

Dated: September 17, 2012